DANIEL LINN, Respondent, *v.* TWIST, EDDY & CO.,
Appellants.

If the statement filed in support of a motion for a new trial, under the 195th section of the Practice Act, is not sealed by the Judge, it cannot be therefore inferred that it was agreed to. Such statement must either be agreed to, or it must be sealed by the Judge, and one of these conditions must be shown affirmatively. In the absence of both, such statement will be rejected.

APPEAL from the Tenth Judicial District.

This was a suit brought for the recovery of $1000, which the plaintiff claimed of defendant for thirty mining claims, and a cabin, sold and deliveerd, as the complaint alleges, by the plaintiff to the defendants.

The defendants deny any purchase of claims or cabin from plaintiff, and deny all indebtedness to him. The cause was tried by a jury, who found for the plaintiff $1000, for which judgment was entered, with costs, &c.

The defendants moved for a new trial, which the court below refused; and from this order the defendants appealed.

Several witnesses were examined by the respective parties, and the testimony taken was embraced in the statement offered in support of the motion for a new trial, but the statement was not agreed to by the parties, nor *sealed by the Judge* below. This defect was the only point considered in the opinion of the court.

The briefs filed do not discuss the ground of decision.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The 195th section of the Practice Act, referring to the statement to be made in support of an application for a new trial, says: "Such statement, when containing any portion of the evidence of the case, and not agreed to by the adverse party, shall be sealed by the Judge, upon notice."

It is now insisted, that because the statement in this case is not sealed by the Judge, it must be inferred that it was agreed to.

To this argument I cannot assent.   It is very clear, that to make the statement good, it must either be agreed to or it must be sealed by the Judge ; and one of these conditions must be shown affirmatively.

That it is not sealed by the Judge, instead of proving that it was agreed to by the parties, imposes on the appellant the necessity of showing that it was agreed to ; and as the record does not show this, the statement must be rejected.

Any other practice than that here indicated, would be loose and dangerous.   No mode is pointed out for a party to disagree to a statement, and the burden ought to be put on the one who desires to make it perfect.   A statement may be filed which would be a distortion of the case as really proved ; this of course would not be agreed to, nor would the Judge seal it as correct ; and yet, being on file as the statement of the party for the purpose of a new trial, it would be copied into the record, and sent for adjudication to this court.

The judgment must be affirmed.