DICKINSON *v.* VAN HORN.

Where a party appears and argues a motion for a new trial, he cannot afterwards object that the statement was not agreed to by him, and that it was not settled by the Judge.

In a statement for a new trial the evidence may be simply referred to, and need not be set out in the statement itself.

It is not so in a statement on appeal, in which the evidence, if relied upon, must be set out.

Where the evidence is not set out in a statement on appeal, this Court will presume that the Court below had good reason for granting a new trial.

The County Court has a right to grant a new trial.

APPEAL from the County Court of Trinity County.

The facts necessary to understand the points decided, appear in the opinion of the Court.

*Sprague & McMurty* for Appellant.

The appellant says the Court erred in granting a new trial.

1. Because the statement, upon which the new trial was granted, contained a portion of the evidence of the case, and was not agreed to by the adverse party, or settled by the Judge.   Wood's Digest, p. 192, § 195; Lynn *v.* Twist, Eddy & Co., 3 Cal. R., 89, 90; Harley *v.* Young, 4 Cal. R., 284.

2. No statement for a new trial having been settled by the Judge, or agreed to by the parties, it is no part of the record, and it must be presumed by the Supreme Court that the motion for a new trial was abandoned by the respondent.   Vermeule *v.* Shaw, 4 Cal. R., 214.

3. Because the statement upon which the new trial was granted was not sufficient, in this : that it assumes to contain evidence in the case sufficient to sustain the ground taken, and

no more, and does not contain such necessary evidence. Wood's Digest, p. 192; Hill v. White, 2 Cal. R., 306, 307.

4. The entire record, in this case, discloses no error by which the rights of the respondent were injuriously affected, and, such being the fact, this Court will examine the record no further than is necessary, in order to determine whether the Court below did or did not err in granting a new trial.

Additional points for Appellant, by *Heydenfeldt.*

1. The statute which gives power to the County Judge to hear a contested election makes a special case, and the Judge has no power over it, except what he specially derives from the statute.

But the statute gives him no power to grant a new trial, and in a special proceeding, unknown to the common law, he can take nothing by implication.

2. But if a a new trial is of right within the power of the Court, then the County Judge erred in granting it in this case, because the statute-provision, which gives the right, was in no manner complied with. There was neither affidavit nor statement. See § 194, Prac. Act.

*Garter & Burch* for Respondent.

Respondent says that appellant has not shown error in the order of the Court below, granting a new trial, but that the judgment entered in favor of the appellant was properly set aside, and this Court should affirm said order.

It was not necessary that the motion for a new trial should contain a copy of evidence on file; it was sufficient for the motion to refer to the evidence as of record, without copying it. See Wood's Digest, p. 192, Art. 930, § 195.

The fact of a bill of exceptions, or statement on appeal, not accompanying the record, is not the fault of the respondent, and cannot enure to his injury, as insisted upon by appellant. See Wood's Digest, p. 210, Arts. 1072, 1073, § 338, 339; Wilson v. Middleton, 2 Cal. R., 54; Lynn v. Twist, Eddy & Co., 3 Cal. R., 89, 90.

This Court will not disturb the order of an inferior Court granting a new trial, when there is no bill of exceptions, or statement on file, showing in what regard the Court below erred; but will presume that the Court below decided properly in granting a new trial, upon an examination of the whole case. See Gates v. Buckingham, 4 Cal. R., 286; Leech v. Allen, 2 Cal. R., 95; Speck v. Hoyt, 3 Cal. R., 413; Palmer, Cook & Co. v. Stewart, 2 Cal. R., 384; Taylor v. McKinley, 4 Cal. R., 104.

This Court will not presume error, but error must be affirmatively shown, and all intendments are in favor of the Court below. See Harley v. Young, 4 Cal., 284; Ford v. Holton, 5 Cal. R., 319; Johnson v. Sepulbeda, 5 Cal. R., 149.

Dickinson v. Van Horn.

The record sent up discloses the fact, that the appellant was present in the Court below, by counsel, when the order granting a new trial was made, and his exception to said order noted. No bill of exceptions, or statement, appears to have been settled, signed, and sent up, showing the error of the Court in granting a new trial; in such case this Court will only examine the judgment-roll and record sent up, showing the proceedings of the Court below, in regard to which there are no assignments of error filed, on the part of the appellant.    See Harley v. Young, 4 Cal. R., 284.

If the additional points of appellant, made by Judge Heydenfeldt, subsequent to the filing of appellant's original points and authorities, are considered by the Court, respondent answers thereto as follows :

1. In special cases, over which County Courts have jurisdiction for the purpose of trial, these Courts necessarily exercise all jurisdiction which goes to the rendition and vacating of their judgments.

But has the County Court jurisdiction of the subject-matter of this action?   This point is raised by the respondent in his objection to the ruling of the County Court, assuming jurisdiction of this case.   See Parsons v. The Tuolumne Water Co., 5 Cal. R., 43 ; and Brock and Pritchford v. Bruce Herrick and others, 5 Cal. R., 279.

It is held that County Courts have jurisdiction of special cases, and that by special, is meant such cases as are entirely statutory, and were not known to the frame-work of the common law.

This proceeding in the County Court in contested election cases, is in the nature of a *quo warranto*, which was certainly as much provided for, at common law, as the enforcement of a mechanic's lien.

*Quære.*—When was the contest of an election, or of the right to exercise the duties and powers of an officer, not known to the common law ?

If, then, there is anything in the points of appellant filed by Judge Heydenfeldt, will his objections not extend to the original jurisdiction of the Court ? and do not the above-cited authorities show a want of jurisdiction ?

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was a proceeding before the County Court, in which the election of defendant, as clerk of Shasta county, was contested by the plaintiff.   According to the certified returns from the several election precincts, the defendant received one thousand and seventy-eight, and the plaintiff one thousand and seventy-seven votes, and thereupon the certificate of election was granted

to the defendant. Upon the trial, the Court rejected fourteen votes, as illegal, from the votes counted for the defendant, and twelve from those counted for the plaintiff, leaving the plaintiff a majority of one. The defendant then moved for a new trial, which was granted, and from this order, the plaintiff appealed.

The first point raised by the appellant is, that the statement for a new trial was not agreed to by plaintiff, and not settled by the Judge.

It is clearly stated in the record, that on the trial, the parties read in evidence certain depositions and other papers on file, and that a certain witness, whose name is given, was examined by the defendant. The depositions and papers read by each party are properly described in the record. The statement for a new trial contains the grounds upon which the defendant intended to rely; also, the evidence of the only witness examined orally in Court, and a statement that the defendant would refer to the evidence on file, and the pleadings in the case. A copy of this statement was duly served upon the counsel of plaintiff, as appears from their written acknowledgment at the foot of the statement. Both parties appeared at the argument upon the motion for a new trial; and in the order granting the same, and which is signed by the Judge, it is recited that the defendant " moved the Court to grant a new trial for cause set forth in the statement herein filed."

The learned counsel for plaintiff have referred us to the cases of Linn *v.* Twist and others, 3 Cal. Rep., 89, and Harley *v.* Young, 4 Cal. Rep., 284.

But these cases would not seem to be in point, as it does not appear that the statement was anywhere referred to in any part of the record signed by the Judge. These decisions were made before the three hundred and thirty-ninth section of the Code was amended in 1855. We are not disposed, therefore, to extend the principle of the case of Linn *v.* Twist to any case not strictly parallel in its substantial circumstances. It is true, that the provisions of the three hundred and thirty-ninth section apply only to statements on appeal. But they contain principles that, in some measure, by parity of reasoning, would apply to statements for new trials.

In this case, the record shows clearly, that the only evidence given was on file when the statement was made, except the testimony of a single witness, and that purports to be given in the statement itself. This case comes within the principle laid down in the late case of Williams et al. *v.* Gregory et. al., January Term, 1858.

If we are correct in these views, the statement of defendant for a new trial was sufficient.

It is objected on the part of defendant, that there is no statement on appeal, and this Court must presume the Court below

had ample reason for making the order granting a defendant a new trial.

In a statement for a new trial, the evidence may be simply *referred* to, and need not be contained in the statement itself. It is not so in a statement on appeal, in which the evidence, if relied upon, must be set out. If the statement on appeal does not contain the evidence, or so much at least as may be necessary, then the appellant cannot rely upon any ground depending upon the testimony.

In this case, one of the grounds relied upon for a new trial was the insufficiency of the evidence to support the finding of facts by the Court. As the testimony is not before us, we must presume the Court below had good reason for granting a new trial. If the plaintiff wished to overcome this presumption, he should have filed his statement on appeal, which should have *contained all* the testimony given on the trial.

It is urged by the counsel of plaintiff that this was a special case in which the statute gives the Court below no right to grant a new trial. But we think the objection not well taken. The appellate power of this Court over the County Courts in such cases could not be properly and efficiently exerted, unless the power to grant a new trial existed in the Court below. If that Court could not grant a new trial, its refusal to do so would not be error. And as this Court can only direct the lower Court to do that which it has improperly refused to do, there could, under such a theory, be no new trial at all, under any circumstances, however grievous the error might be. We think, under the provisions of the sixty-third section, that such a power can be exercised by the County Court. (Wood's Digest, 382, Art. 2,163.)

These points dispose of the case, and it is unnecessary to notice the others made by both parties.

Judgment affirmed.