Owen *v.* Morton *et als.*

---

## JOHN W. OWEN *v.* THOMAS H. MORTON, JOHN PIERCE, H. HUBBERD, A. CHRYSLER, P. ANDERSON, C. JOHNSON, R. M. CLARK, ANTONIO DE SANTOS, AND JOHN FERRILL.

POSSESSION OF ONE TENANT IN COMMON.—Where one tenant in common is in the exclusive possession of land, the presumption of law is that he holds for himself and his co-tenant, and, to rebut such presumption, there must be proof of acts or declarations on his part indicating his intention to exclude his co-tenant.

WHAT AMOUNTS TO OUSTER OF CO-TENANT.—To enable the tenant out of possession to maintain ejectment against the co-tenant in the exclusive possession of the land, it is not necessary to prove an actual ouster; but proof that the tenant in possession appropriates the entire use or profits of the land, under a claim of exclusive right, or with a manifest intent to possess the whole exclusively, is sufficient.

SAME.—Any act of the co-tenant in the exclusive possession which manifests an intention on his part to hold exclusively for himself, is equivalent, in law, to an actual ouster.

WHAT DOES AMOUNT TO OUSTER OF CO-TENANT.—Proof that the co-tenant is in the

exclusive possession, and that he does not claim by deed or lease from his co-tenant out of possession, is not sufficient to show an ouster or adverse possession.

FINDINGS OF FACT—WHEN PRESUMED CORRECT.—When the record shows that all the evidence introduced on the trial is not embodied in the statement, the presumption is that the findings and judgment of the Court below are warranted by the evidence, although the statement contains no evidence upon which to base such findings and judgment.

SAME.—Every intendment is in favor of the verdict or decision of the Court below, and it will be presumed that the omitted evidence warranted the judgment.

PROOF NECESSARY TO RECOVER IN EJECTMENT.—In order to entitle a plaintiff in ejectment to recover, he must show a right of possession in himself and a possession in the defendant of the demanded premises at the time the action is brought.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The facts are stated in the opinion of the Court.

*M. A. Wheaton*, for Appellants, cited *Pico* v. *Columbet*, 12 Cal. 420, and as to De Santos' case, *Garner* v. *Marshall*, 9 Cal. 268; *Clink* v. *Cohen*, 13 Cal. 623.

*Whitman & Wells*, for Respondent.

The title being deraigned under patent from the State, and the possession of defendants admitted, the ouster is fully admitted by the stipulation. Defendants having occupied exclusively, is an ouster of their co-tenants, and there is no error in the judgment. (*Adams on Ejectment*, 137; 1 Greenleaf's Cruise, Secs. 20, 13; *Jackson* v. *Tibbetts*, 9 Cow. 241; *Reay* v. *Goodwin*, 16 Mass. 1.)

By the Court, CURREY, J.

This is an action of ejectment, commenced by the plaintiff, on the 11th of April, 1860, against Thomas H. Morton and others for the recovery of the possession of a tract of land in Solano County, whereon is situated the City of Suisun. The complaint is in the usual form in such cases, counting on title in the plaintiff on the 24th day of November, 1855, and entry and ouster of the plaintiff on that day by the defendants, and an unlawful withholding of the premises by them from thence to and at the commencement of the action, to the great dam-

age of the plaintiff, etc.   To this complaint nine of the defendants appeared and answered, to which answers the plaintiff filed replications.   Subsequently the same defendants, by leave of the Court, made and filed amended answers, by which they pleaded—first; the general issue ; and in the second place, that they were each in the possession of a small piece of the land described in the complaint, which they respectively held in severalty under deeds of conveyance of the one undivided third interest in the respective portions by each of them held in possession, derived from the plaintiff or his grantees, and that when they obtained such deeds each of them was already in the peaceable possession of the parcels of land respectively described in such deeds of conveyance ; and the defendant Chrysler further averred that as to one parcel of the premises, he had a conveyance of the whole of the plaintiff's interests therein, derived from the plaintiff or from his grantees.

To the amended answers the plaintiff replied, denying each and every allegation of new matter therein contained.

At the trial the plaintiff gave in evidence a patent from the State, bearing date the 24th day of November, 1855, granting to him the land described in his complaint.   By a stipulation entered into for the purposes of the trial, it appears that each of the nine defendants limited his defense in the action to parcels of the premises described therein ; and the parties agreed by this stipulation that each defendant had a deed of conveyance of the undivided third part of the parcel of land in respect to which he defended, by which he acquired the plaintiff's title to such undivided one third of the parcel of the premises by him occupied.

At a term of the District Court, held in Solano County in April, 1863, a judgment was rendered in favor of plaintiff against each of the defendants for the recovery of the undivided two third parts of the parcels of land which the defendants respectively had in possession and for costs of the action.   At a subsequent day a motion for a new trial was made, and the same was denied.   From these judgments, and from the order denying a new trial, the defendants duly appealed.

The counsel for appellants assigns as a ground requiring the reversal of the judgments, that the evidence did not show or tend to show that defendants, or any or either of them, held the possession of the premises, or any part or parts thereof, adversely to the plaintiff; nor that the plaintiff had even demanded the possession; nor that he had even been kept out of the possession of the same by the defendants.

By the answers of these defendants, as also by the stipulation of the parties, it appears that the defendants were severally tenants in common with the plaintiff of the distinct portions of the land of which they were in possession, and with him had the right to its enjoyment. The rule seems to be settled that where one having title as a tenant in common is in the exclusive possession of premises, he is presumed to hold for himself and his co-tenant, and to rebut such presumption there must be proof of acts or declarations on his part indicating his intention to exclude his co-tenant. (*Humbert* v. *Trinity Church*, 24 Wend. 587; 2 Washburn on Real Property, 491.) Proof of an actual ouster—that is, as was said by Lord Mansfield in *Doe* v. *Prosser*, 1 Cowper, 217, " a turning out by the shoulders" by one tenant in common of another—is not indispensable to the maintenance of an action of ejectment by the tenant out of possession against his co-tenant in the exclusive occupancy of the estate owned in common; but an appropriation by him who is in possession of the entire use or profits of the land, under a claim of exclusive right, or with a manifest intent to possess the whole exclusively, is equivalent, in law, to an actual ouster of his co-tenant. (*Parker* v. *Proprietors, etc.*, 3 Metcalf, 102; *Manchester* v. *Doddridge*, 3 Indiana, 360.) In *Ricard* v. *Williams*, 7 Wheat. 121, the Court say: "An ouster or disseisin is not, indeed, to be presumed from the mere act of sole possession; but it may be proved by such possession, accompanied with a notorious claim of an exclusive right." Mr. Preston, in reference to this subject, says: "It is a rule of law that the seisin of one joint tenant is the seisin of his companions as well as himself. The same rule is applied to co-parceners and tenants in com-

mon.    The possession of one of them is constructively the possession of all; and hence it seems to follow that possession or seisin of one will be the seisin of others as against all strangers, and the possession of one will constructively be held for the benefit of himself and his companion.    To disseise his companions, there must be such acts as are constructively equivalent to an ouster—as the denial of right to the rent, or any part, or the possession of any part of the land, or an exclusive possession for a long time, so as to afford the presumption of a disseisin."    (2 Preston on Abstracts, 291; See, also, *Barr* v. *Gratz*, 4 Wheat. 223; *Bradstreet* v. *Huntington*, 5 Peters, 444; *Clapp* v. *Bromagham*, 9 Cow. 530; *Prescott* v. *Nevers*, 4 Mason, 330; *Doe* v. *Prosser*, 1 Cowper, 217; *Peaceable* v. *Read* 1 East. 573.)

It was proved on the trial, by one witness, that these defendants were, at the time the action was commenced, in the possession of the portions of the demanded premises by them severally occupied adversely to the plaintiff.    This the witness stated in general terms, without undertaking to specify the acts or declarations of the defendants from which he deduced his conclusion that their possession was adverse; but, on being more particularly examined on the point, he said that when he spoke of the parties claiming adversely, he meant they did not claim by deed or lease from plaintiff.    This testimony, taken together, falls short of establishing an adverse possession, and furnishes no evidence of an ouster of the plaintiff by defendants; and, were it not that the record fails to negative the fact that there was other proof on the subject, it would be necessary to reverse the judgments for want of evidence to maintain the essential averment of ouster contained in the complaint.    But the record shows that the evidence embodied in the statement used on the motion for a new trial, and which is now before this Court on appeal, was not all the evidence produced on the trial, and hence we are bound to presume the finding of the Court below of an ouster of the plaintiff by the defendants was warranted by evidence which is not embodied in the statement.    It appears from the record that

48

the testimony in the case was taken before a referee, and that at least thirty-six pages of the referee's report of the evidence is omitted from the statement; besides which, the cross-examination of two witnesses sworn in the case is all of their testimony to be found in the statement.    The rule of law in such cases is that every intendment must be in favor of the verdict or decision of the Court below, and in support of the judgment it will be presumed that the omitted evidence authorized the decision and judgment, unless there be something in the record to overcome such presumption.    (*Best* v. *Davis*, 1 Cal. 139; *Ringgold* v. *Haven*, 1 Cal. 115, 116; *Ford* v. *Holton*, 5 Cal. 321; *Dickinson* v. *Van Horn*, 9 Cal. 210, 211.)    This disposes of the questions on appeal as to all the appellants, except Antonio de Santos.

The counsel for the appellant Antonio de Santos alleges that the judgment against him is erroneous, for the reason that it appears from the record that he was not, at the time the action was commenced, in the possession of the parcel of land for the recovery of which judgment was rendered against him.    The complaint was filed and summons issued in the action in April, 1860.    The summons was placed in the hands of the Sheriff early in the year 1861, and was served on the said Santos, as appears by the Sheriff's return, "before or on the 15th day of February, 1861."    When the action was commenced, Santos was residing on a part of the land described in the complaint, from which he removed, before he filed his answer in the cause, to the portion of the premises of which he was in possession at the time of the trial, and for the recovery of which alone judgment passed against him.    To this portion of the demanded premises the said Santos had acquired an interest of one undivided third part by a conveyance of the same from the plaintiff, or from a grantee of the plaintiff, so that, for aught that appears, he was in the possession not otherwise than according to his right.    As already stated, if a person enter into lands, having a title and right of entry, his entry and possession is deemed to be in conformity to his title. In this case, though Santos' possession may have been exclu-

sive, or of the entire parcel of land, it does not follow, from this circumstance alone, that it was adverse to the plaintiff. In *McClung* v. *Ross*, 5 Wheat. 124, Mr. Chief Justice Marshall said: "That one tenant in common may oust his co-tenant and hold in severalty, is not to be questioned. But a silent possession, accompanied with no act which can amount to an ouster or give notice to his co-tenant that his possession is adverse, ought not, we think, to be construed into an adverse possession."

The intendment in support of the judgments against the other defendants, founded on the presumption that there was in the testimony omitted from the statement evidence of an ouster, cannot be indulged in support of the judgment against Santos, because it appears by stipulation, as well as by the evidence in the cause, that he entered upon the parcel of land for which judgment was obtained against him after the suit was commenced; hence the finding of the Court that he entered and ousted the plaintiff, as alleged in the complaint, was not warranted. In *Owen against Fowler*, 24 Cal. 192, it is held that in order to entitle a plaintiff in ejectment to recover, he must show a right of possession in himself, and a possession in the defendant, at the time the action is brought, and if he fails to establish either of these facts, he cannot recover.

The judgment against the defendant Antonio de Santos must be reversed, and the action against him dismissed, and the judgments against the other defendants, who are appellants in this case, must be affirmed, and it is accordingly so ordered and adjudged.