[Civ. No. 2472. Fourth Appellate District.—January 30, 1941.]

R. G. MEYER, Respondent, v. FLOYD R. LINDSLEY, Appellant.

Turner & Wald for Appellant.

Winthrop O. Gordon for Respondent.

BARNARD, P. J.—This is an action for malicious prosecution, the complaint alleging that the defendant had initiated a criminal action in which this plaintiff was charged with drawing and exhibiting a pistol in violation of section 417 of the Penal Code. ▆ A jury returned a verdict in favor of the plaintiff in the amount of $1500, and the defendant has appealed from the ensuing judgment and has attempted to appeal from an order denying his motion for a new trial, which is not an appealable order.

The appellant filed a written request for a transcript in which he asked only for that part of the record which contained the instructions, cross-examination of one witness, the testimony of one other witness, and offers of proof made in connection therewith. While it is stated in respondent's brief, and not denied in the appellant's closing brief, that the trial of this case lasted nine days and that some forty witnesses were examined, the reporter's transcript filed herein contains only, in addition to the instructions given and refused, the testimony of one witness on cross-examination and redirect, the testimony of another witness given in rebuttal, the testimony of a third witness given in sur-rebuttal, and certain offers of proof. All of this evidence relates to whether or not the first two of these witnesses were biased against the appellant. There is no evidence before us as to any fact relating to the issues which were presented by the pleadings, and no evidence, *pro* or *con,* as to what happened on the occasion when the respondent was charged with having exhibited a gun.

▆ The appellant complains that the testimony of the first of these witnesses on redirect examination contains some hearsay, and that the court also erred in refusing to allow him to recall another witness in order to lay the foundation for further impeachment of one of these witnesses. It appears from the limited record before us that the testimony first objected to came in incidentally in explanation of the witness' previous testimony. The other matter, with the offers of proof, related to further attempts to show bias on the part of the two witnesses first mentioned and was purely cumulative. It

would seem that the court was not unduly strict with the appellant in this regard since the only evidence now before us, consisting of ninety-five pages of transcript, relates solely to bias on the part of these two witnesses.

Moreover, if we assume error in these respects, there is nothing before us to indicate that prejudice may have resulted therefrom. As was said in *Coleman* v. *Farwell,* 206 Cal. 740 [276 Pac. 335]:

"In order to justify the reversal of the judgment on the ground of erroneous admission or rejection of evidence, the reviewing court must be of the opinion, after an examination of the entire cause, including the evidence, that the error complained of has resulted in a miscarriage of justice. (Const., sec. 4½, art. VI.) The burden rests upon the party complaining not only to show error but also to show that the error is sufficiently prejudicial to justify a reversal. (2 Cal. Jur., p. 1008, and cases cited.) Confronted with the foregoing stipulation of counsel and the certificate of the trial judge reciting that the bill of exceptions contains only a part of the evidence offered by both the plaintiff and the defendant and since, therefore, the record does not contain all of the evidence, we are unable to fulfill the constitutional requirement and declare that the errors complained of were prejudicial. (See *Foster* v. *Young,* 172 Cal. 317 [156 Pac. 476].) Every intendment is in favor of the findings, decision and judgment and in support thereof it will be presumed that the omitted evidence authorized the same unless there is something in the record to overcome the presumption. (*Owen* v. *Morton,* 24 Cal. 373; 2 Cal. Jur., p. 852 et seq.) For aught that appears in the record there may have been evidence of sufficient competency and weight to overcome any detriment caused by the erroneous rulings."

The appellant also contends that portions of certain instructions given were erroneous and that an instruction requested by him and refused should have been given. Both the giving and the effect of instructions necessarily depend on the evidence to which they relate and upon which they are based. And again, in the complete absence of any evidence relating to the main issues involved, it is neither possible to say that any of the matters here presented are erroneous nor that, if so, they are prejudicial. In order to secure a reversal because of claimed error in the giving and refusing

of instructions it is incumbent upon an appellant to bring before the reviewing court enough of the evidence to show that the error claimed would have, or at least might have, affected the result. (*Moss* v. *Stubbs,* 111 Cal. App. 359 [295 Pac. 572, 296 Pac. 86] ; *Thompson* v. *M. K. & T. Oil Co.,* 5 Cal. App. (2d) 117 [42 Pac. (2d) 374].)

If we assume that portions of these instructions were technically incorrect, the instructions as a whole seem to present the issues which apparently must have been raised at the trial in a complete and rather fair manner. Many of the instructions, including some of which the appellant complains, were entirely too favorable to him. ▆ Insofar as here appears, it may well be that the evidence disclosed, without conflict, that the respondent did not do the act with which he had been charged in the criminal complaint and that there was not even a shadow of probable cause for the initiating of that criminal action by the appellant. Under such circumstances, which may be assumed in support of this judgment, any minor error in connection with the instructions could not have been misleading or prejudicial.

The attempted appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Marks, J., and Griffin, J., concurred.