Filed 10/23/24  Marriage of K.L. and M.E. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Marriage of K.L. and M.E. | 2d Civ. Nos. B331637, B334245 (Super. Ct. No. 22FL00468) (Santa Barbara County) |
| K.L., <br><br> Appellant, <br><br> v. <br><br> M.E., <br><br> Respondent. | |

Husband appeals an order granting his wife and daughter a domestic violence restraining order (DVRO) (Fam. Code § 6300, et. seq.) and denying husband a DVRO against his wife. We affirm.[1]

---

[1] On September 6, 2024, on our own motion, we consolidated Husband's appeals herein.

FACTS

M.E. (Wife) and K.L. (Husband) are married and in the process of getting a divorce. They have a 13-year-old daughter (Daughter) of the marriage. Wife and Daughter applied for a DVRO against Husband.

Wife testified that Husband threatened her with knives many times during their marriage. She said he kept a machete under the bed. Whenever Husband wanted to have sex and she would deny him, he would threaten her with it.

The last time Husband forced Wife to have sex with him was in 2023. He had just returned from visiting his girlfriend in Guatemala and wanted to have sex with Wife. She did not want to, and he twice forced her to have sexual intercourse. Husband attempted a third time, pushed her toward the bathroom and she was physically hurt. He wanted to take her from behind. She screamed and awakened her mother and Daughter.

Wife wanted to call 911, but Husband would not allow her to do so. Wife then pretended to call 911. Husband left the room. Wife feared he was going to get an axe he had recently purchased. Husband had told Wife that life had no meaning and before he killed himself, he was going to kill everyone in the family.

Wife told Daughter to put on some clothes because they were leaving the house. As they were leaving the house, husband was in his car making a motion with his hands. Wife knew that she and Daughter were in danger. She told Daughter to run to her car, which was parked behind Husband's car. Husband put his car in reverse as Daughter was getting in the car. Wife and Daughter were fearful he intended to hit them. Daughter was able to get into Wife's car, and Wife drove to the police station for

safety because Husband was following them.  At the station Wife made a report to the police.

## DISCUSSION

### I. Mootness

Husband contends the appeal is not moot.

Husband acknowledges that the DVRO was for one year and expired on June 24, 2024.  Nevertheless, he points out that the order may have residual effects.  Included in the residual effects is a presumption that awarding custody of a child to a perpetrator of domestic violence is not in the best interest of the child (§ 3044, subd. (a)) and that the DVRO may be renewed without a showing of further abuse.  (§ 6345, subd. (a).)  This will have a significant effect in the marital dissolution proceeding and the pending DVRO renewal proceeding.  We agree this appeal is not moot.

### II. Standard of Review

The grant or denial of a DVRO is reviewed for abuse of discretion.  (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420.)  The question is whether the trial court exceeded the bounds of reason.  (*Ibid.*)

We presume the judgment or order of the trial court is correct.  (*Verio Healthcare, Inc. v. Superior Court* (2016) 3 Cal.App.5th 1315, 1327 (*Verio Healthcare*).) We indulge all intendments and presumptions in support of the judgment or order on matters on which the record is silent, and error must be affirmatively shown.  (*Ibid.*)

In viewing the evidence, we look only to the evidence supporting the prevailing party.  (*GHK Associates v. Mayer Group, Inc.* (1990) 224 Cal.App.3d 856, 872.)  We discard evidence unfavorable to the prevailing party as not having

3

sufficient verity to be accepted by the trier of fact.  (*Ibid*.)  Where the trial court or jury has drawn reasonable inferences from the evidence, we have no power to draw different inferences even though different inferences may also be reasonable.  (*McIntyre v. Doe & Roe* (1954) 125 Cal.App.2d 285, 287.)  The trier of fact is not required to believe even uncontradicted testimony.  (*Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1028.)

### III. Due Process

Husband contends he was denied due process in that he did not receive a fair trial before an unbiased judge.

Husband represented himself at trial while Wife and Daughter had counsel.  Husband cites *In re Marriage of D.S. & A.S.* (2023) 87 Cal.App.5th 926, 934, for the proposition, "In a contested restraining order hearing, the trial court is tasked with protecting the fundamental due process rights of self-represented litigants both seeking a restraining order or defending against the request, even when they do not fully understand what those rights encompass."

What Husband fails to mention on appeal is that he is not the typical self-represented litigant.  He told the trial court that he is a law school graduate studying for the bar examination.

Whatever his background, Husband fails to show a denial of due process or bias by the trial court.  The prejudice to his case arose entirely from the evidence.  Husband's claims to the contrary are based on a distortion of the record and a misapprehension of the law.

### (a)

For example,  Husband claims that although the trial court initially acknowledged Wife has the burden of proof, the court granted Wife a DVRO at the end of her case and shifted the

4

burden of proof to him.  In support of his claim, Husband cites the court's statement, "I've seen more than enough to grant everything that they are asking for.  So now it's your turn to turn the tables on it all.  And you can start with, another opening statement."

The trial court was simply telling Husband in layman's terms that Wife had carried her burden of proving a prima facie case, and the burden of going forward with the evidence had shifted to Husband.  The court did not grant Wife a DVRO at the end of her case; nor did the court shift the burden of proof to Husband.

(b)

After a series of baseless objections raised by Husband during Wife's testimony, Daughter's counsel asked the trial court to admonish Husband not to interrupt.  The court admonished Husband as follows:

"I'm going to learn about everything that happened one way or the other because I've got four proponents, lawyers and a self-represented litigant [who] [h]as a lot of education.  So if you're here to try to hide something from the Court, it's probably not going to happen.  If you're here to have me hear it from the other side's perspective and have you cross-examine them about it, so the great engine of the truth of cross-examination can yield the answer, you know, yeah, that's how we're going to do it.

"So I will say, you know, objecting just to object and slow things down isn't going to do anything . . . .  So what you need to be concerned about is that self-represented litigants who are like having fun in court, like they just are using this as some kind of a playground and they want to stay here for a long time, those kinds of people get recognized for who they are."

5

Husband claims the trial court's admonishment shows a bias against him as a self-represented litigant. But the court was not admonishing Husband because he was self-represented. The court was admonishing Husband because he was delaying the proceedings by raising baseless objections. The court had reason to believe that Husband was trying to keep it from learning the truth. Husband cannot be the cause of an admonishment, and then complain the court is biased when it admonishes him.

(c)

Husband complains the trial court refused to admit his audiovisual exhibits into evidence. The claim is not supported by the record.

The trial court told Husband that each audiovisual item must be submitted on a separate flash drive. Husband points to no objection having been raised at trial. Husband claims while the court and parties were off the record, the court ruled he could not submit an audio recording. The audio recording is not in evidence.

First, the failure to object on the record in the trial court waives any claim of error on appeal. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 280.) Second, Husband wants us to presume error from a silent record. Where the record is silent, we presume there was no error. (*Verio Healthcare*, *supra*, 3 Cal.App.5th at p. 1327.) Third, Husband submits no authority to support his claim that the court erred in its treatment of the audiovisual evidence.

(d)

Husband contends the trial court denied him due process by proceeding with the hearing despite the failure to serve him with the DVRO request.

6

At the beginning of the hearing, Husband told the court: "I wanted to advise the Court that I was never served with the Respondent's DV 100 or with the temporary restraining order. And I have a copy of the docket which shows that there was never any proof of service filed for those documents. That's number one."

The statement was followed by Husband raising a number of other unrelated points, including advising the trial court that he had an opening statement. Husband also asked the court if it would allow "speaking objections" and if he could testify in narrative form. Husband then fully participated in the hearing.

Husband's statements, "I was never served," and "I have an opening statement," are ambiguous at best. Any ambiguity was resolved when Husband questioned the trial court about the procedures that would govern the hearing and participated in the hearing without objection. Husband waived service and submitted to jurisdiction of the court. (See *Olcese v. Justice's Court of First Judicial Township* (1909) 156 Cal. 82, 87 ["the well-settled rule [is] that if a defendant wishes to insist upon the objection that he is not in court for want of jurisdiction over his person, he must specially appear for that purpose only, and must keep out for all purposes except to make that objection"].)

Moreover, in the same proceeding, Husband was seeking a DVRO against Wife. A party who seeks relief from the court cannot also object in the same proceeding that the court lacks jurisdiction. (*In re Clark* (1899) 125 Cal. 388, 392.)

(e)

Husband claims the trial court became embroiled in the case and intervened as an advocate.

7

At the end of Wife's case, Husband stipulated to entering into evidence a recording of a telephone conversation Husband had with Daughter. The conversation concerned the parties' marital difficulties. Daughter was upset and crying. The trial court commented, "This is the most outrageous thing I've ever heard."

The trial court was understandably upset. The conversation was entirely inappropriate between a father and a 13-year-old daughter. The court was concerned about Daughter's mental health. The court was not acting as an advocate. It was simply reacting to the evidence.

Prior to Husband's testimony at the beginning of his case, the trial court told husband:

"I'm a judge and you're in court and I don't mess around, and they have proven that your conduct is adequate to get a restraining order. Some of the most bizarre stuff that I have ever heard testimony about.

"So I have no problem with people marrying people from different cultures and doing whatever they want. I have no problem with people having open marriages. I don't have any problem with that. I have a big huge legal problem with the threats of violence and control, and so you can play legal if you want, but I invite you to tell me your side of the story. So I don't think that you're one of the strangest fathers that I have ever met."

The trial court could have employed better language, but it was not acting as an advocate. The court simply advised Husband about the state of the evidence: that Wife made a very strong prima facie case for a DVRO, including from the recording

8

Husband stipulated into evidence. The court invited Husband to tell his side of the story to overcome Wife's prima facie case.

Husband lists without exposition other instances of what he considers advocacy by the trial court. Suffice it to say, the record does not support his claims.

### IV. Husband's Request for a DVRO

Husband contends the trial court denied his request for a DVRO against Wife without explanation and refused to hold an evidentiary hearing.

But the trial court held an evidentiary hearing. Husband had the full opportunity to present his case, and he testified at length. If Husband had more to add, he cites to no objection to ending the hearing or any offer of proof as to what additional evidence he had.

There was no need for the trial court to explain why it ruled against Husband. The explanation is obvious. The court found Husband not to be credible.

### V. Totality of Circumstances

Husband contends the trial court failed to consider the totality of the circumstances.

Husband's brief in support of the contention consists of nothing more than a list of items where he asserts the trial court failed. There is no expository argument, no citation to authority, and, for many of the items, no citation to the record. The contention is waived. (*Coziahr v. Otay Water Dist.* (2024) 103 Cal.App.5th 785, 799.)

### VI. Daughter's Counsel Did Not Testify

Husband contends the trial court erred in allowing Daughter's counsel to testify.

Daughter's counsel made an offer of proof as to what Daughter would say if she testified. Daughter's counsel also replied positively to the trial court's question about how Daughter is doing in Wife's custody.

An offer of proof is not testimony. Nor is it testimony for counsel to inform the trial court of her position on Wife's custody of Daughter. In any event, Husband raised no objection. Any error is waived.

## VII. Inclusion of Daughter in DVRO

Husband contends the trial court erred in including Daughter in the DVRO without finding she would be endangered without the DVRO.

Where the record is silent, we presume the trial court made all findings necessary to support the order or judgment. (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.)

Husband argues there is no evidence that Daughter might be in danger absent her inclusion in the DVRO. Husband threatened to kill his entire family. That alone mandates that Daughter be included in the DVRO. In addition, Husband attempted to hit Wife and Daughter with his car as they fled his domestic violence. The psychological effect on Daughter of being exposed to Husband's domestic violence is also ground for including her in the DVRO. In all, the evidence compelled the trial court to include Daughter in the DVRO.

## VIII. Litigation Privilege

Husband contends the trial court erred in admitting communications privileged under Civil Code Section 47, subdivision (b).

10

Civil Code section 47, subdivision (b) is called the litigation privilege.  The privilege bans a tort action for damages for communications made relating to a judicial proceeding.  (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 360.)  This action does not involve tort liability based on communications.  In any event, Husband points to no objection having been raised under Civil Code section 47, subdivision (b).

*IX. Video Recorded Deposition*

Husband contends the trial court erred in refusing to admit Wife's video recorded deposition.

At the end of Wife's testimony, the trial court asked Husband if he had any questions for Wife.  Husband replied that he would like to present Wife's deposition.  Daughter's counsel objected that there is no official transcript of the video.  Husband replied that he has a transcript, but it is not certified.  The court sustained the objection.

Code of Civil Procedure section 2025.340, subdivision (m) provides in part: "If no stenographic record of the deposition testimony has previously been made, the party offering an audio or video recording of that testimony under Section 2025.620 shall accompany that offer with a stenographic transcript prepared from that recording."

Husband argues Code of Civil Procedure section 2025.340, subdivision (m) does not require a certified transcript.  We need not make a definitive interpretation of the subdivision.  Assuming the trial court erred, it is not enough for Husband to show error, he also has the burden of showing prejudice arising from the error.  (*Meyer v. Lindsey* (1941) 42 Cal.App.2d 698, 700.)  He makes no attempt to show prejudice.

11

## DISPOSITION

The judgment is affirmed.  Husband is to bear his own costs.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

James F. Rigali, Judge

Superior Court County of Santa Barbara

_____

K.L., in pro per., for Appellant.

No appearance for Respondent.