## FISK *v.* HIS CREDITORS.

The Supreme Court has jurisdiction to hear and determine appeals from the judgment of a County Court on questions of fraud, made on the petition of an insolvent for a discharge from his debts.

Upon the issue of fraud, in an application of an insolvent to be discharged from his debts, where it was alleged that the applicant had made and recorded a sham deed of his property shortly before his application, which property was not included in his schedule ; *Held,* That it was error for the Court to instruct the jury "that to find the charge of fraud sustained, they must believe the deed made with the intent to defeat, hinder or delay creditors, and to have been actually delivered to the grantees ; that proof of record was no proof of delivery, etc." The fraud is as complete without the delivery as with it.

APPEAL from the County Court of El Dorado County.

This was an application by the plaintiff, Fisk, to the County Court of El Dorado county for a discharge from his debts, upon the ground of insolvency. Several of Fisk's creditors filed their objections to his discharge, alleging that he had made a sham and false deed of his property, which was not included in his schedule. The question of fraud was tried by a jury. The Court gave certain instructions to the jury, which appear in the opinion of the Court. The jury found that the question of fraud was not sustained, and the plaintiff was discharged. The creditors appealed to this Court.

*Thos. H. Hewes* for Appellants.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was a contest, before a jury of six men, on the ground of fraud.

We think this Court has jurisdiction of this case, on appeal, it being one of the special cases provided for by the 336th section of the Practice Act. We have thought it best expressly to decide this question of practice, *in limine,* though by taking jurisdiction of, and deciding many cases of this sort, we have given a practical recognition of the principle heretofore.

The case was tried on the issue of fraud, and facts having been

18

introduced tending to show that the insolvent had made and caused to be recorded a sham deed for property shortly before his application, which property was not included in his schedule. The Court instructed the jury, " That, to find the charge of fraud sustained, they must believe the deed made with intent to defeat, hinder or delay creditors, and to have been actually delivered to the grantees; that proof of record was no proof of delivery," etc. In this the Court clearly erred. There may be a delivery without recording the deed, and a recording without any delivery. But as the record can only be made after acknowledgment, by the grantor, of execution and delivery, this is certainly *some* proof of the delivery. But the fraud was as complete without the actual delivery as with it; if the grantor made a sham deed, and had it recorded, and reserved from his schedule the property in the deed, and this with the view of defrauding his creditors, the proof of fraud would be complete.

The judgment is reversed, and the cause remanded.