## J. W. CASGRAVE *v.* J. H. HOWLAND.

New Trial—Statement.—Where a statement is made and settled on motion for a new trial, and an appeal is taken both from the judgment and from the order denying a new trial, the statement can be used in reviewing the order appealed from, but cannot be used in determining the appeal from the judgment.

New Trial—Contested Election.—In a special case to contest an election under the statute, the County Court has no power to grant a new trial, and an appeal to the Supreme Court must be taken from the judgment, and a statement on appeal be made and settled to enable the Supreme Court to review the proceedings below outside the judgment roll.

Appeal from the County Court, Napa County.

Howland and Casgrave were candidates for the office of County Recorder of Napa County at the general election in the fall of 1863. Howland was declared elected, and received his certificate and qualified.

Casgrave contested the election. The Court below rendered judgment in favor of Howland.

Casgrave moved for a new trial and appealed.

The other facts are stated in the opinion of the Court.

*P. W. S. Rayle,* for Appellant.

*C. Hartson,* for Respondent.

By the Court, Sanderson, C. J.

This is a proceeding under the provisions of Article VI of the Act to regulate elections, to contest the right of the defendant, Howland, to the office of Recorder of Napa County. The appeal is taken from the judgment and an order overruling a motion for a new trial. The transcript contains a statement on the motion for a new trial, and it may be used as such in determining the appeal from the order, but cannot be so used in determining the appeal from the judgment, in the absence of any stipulation to that effect. No such stipulation is to be found in the transcript.

In *Dorsey* v. *Barry*, 24 Cal. 449, we held that the proceedings authorized by Article VI. of the Act to regulate elections are special and summary, and that no remedy can be had under the provisions of that Article, except such as is therein expressly or by necessary implication provided. We also held that a new trial was not authorized by the provisions of the Article in question, and that the remedy of a party who is dissatisfied with the judgment of the County Court is by appeal only

Under the decision in that case, we cannot consider the appeal from the order denying the motion for a new trial. As already stated, there is no statement on the appeal from the judgment, and it therefore stands upon the judgment roll alone. No error is assigned upon the judgment roll, and we have been unable to find any.

Judgment affirmed.