GROW, Respondent, v. ROSBOROUGH, County Judge of Siskiyou County, Appellant.

No. 763; February 5, 1866.

**Insolvency—Jurisdiction of County Courts.—The Effect of the Constitutional** amendments is that the jurisdiction of the county courts in insolvency proceedings—contrary to what it was prior to 1863—rests upon the same basis as the general jurisdiction of the district courts and of the supreme court, both appellate and original, such proceedings being no longer "special cases" as then known.

Insolvency—Proceedings not Summary.—In insolvency the proceedings setting the jurisdiction of the county courts in motion are not intended to be summary or hurried, since the point of importance is, as in other cases, not so much the avoidance of delay as the promotion of substantial justice.

Appeal—Settlement of Case.—The Power to Grant New Trials is conferred upon all the courts referred to in the Practice Act, and when an appeal lies to the supreme court from an order disposing of a motion for a new trial, it becomes the duty of the trial judge to settle a correct statement properly presented.

SHAFTER, J.—Petition for a mandamus to be directed to the defendant commanding him to settle a statement on motion for new trial in Grow v. His Creditors.

It appears that Wetzel, one of the creditors, filed his written opposition to the petitioner's discharge on the ground of fraud. The issue was tried by a jury, who found fraud as alleged. Grow moved for a new trial for errors of law and on the ground that the verdict was not justified by the evidence. The judge refused to settle a statement on new trial, duly filed and submitted.

Proceedings in insolvency are no longer to be regarded as "special cases" in the sense in which that phrase was applied to them prior to 1863, for by the amendments to the constitution the jurisdiction became organic. To that extent the jurisdiction of the county courts in insolvency rests upon the same foundation as the general jurisdiction of the district courts, and that of the supreme court, both original and appellate.

We held in Dorsey v. Barry, 24 Cal. 449, relied upon in argument, that the jurisdiction in contested election cases was special—a statute creation. That the proceedings were intended to be summary, and that the subject matter made it essential that they should be so, in order to make them of any avail, and that the special procedure was, withal, so complete in itself, that it was manifestly the intention of the legislature that the litigation should be kept to the method which the act prescribed, and end where it ended; and, therefore, that that class of cases was not within the scope of the one hundred and ninety-third section of the Practice Act relating to new trials. But this reasoning has no application to the proceedings in insolvency: The jurisdiction of the county courts in insolvency is now, as has been remarked already, of constitutional

significance. The proceedings under the statute setting the jurisdiction in motion are not intended to be summary or hurried, but are, at least so far as the trial of oppositions is concerned, to be conducted according to the course of the common law in the main. Instead of its being necessary in the nature of the contest that judgment should be reached within a given interval, it is obvious that there is nothing to distinguish the controversy from litigation concerning property, or other personal interests, at large.

Further, if county courts cannot grant new trials in insolvency, it follows that they cannot do so in actions of forcible entry and detainer. The jurisdiction in both cases rests upon the same basis, and legislation in aid of the jurisdiction is, in both, equally complete and exhaustive. But that a new trial may be granted by a county court in a forcible entry case is not open to controversy.

Power to grant new trials is conferred upon all the courts referred to in the Practice Act; and wherever an appeal lies to this court from an order granting or refusing to grant a new trial, it becomes the duty of the judge to settle a correct statement properly presented. Under the Judiciary Act of 1863, we are authorized to review such orders when made in cases within the limits of our jurisdiction in error. It is true as the respondent claims, that cases in insolvency are not "cases in equity" (Cohen v. Barrett, 5 Cal. 195), nor do we consider that the jurisdiction in error can be supported as upon the "amount of the demand" nor as upon the "value of property in controversy." A petition in insolvency looks to a discharge as the principal purpose, and "oppositions" are interposed solely with a view to defeat it.

Were the question a new one we might doubt our jurisdiction, but it has been settled by long and unbroken usage, the question is broadly within the reasoning in Conant v. Conant, 10 Cal. 249, 70 Am. Dec. 717, and, furthermore, it was directly decided in Fisk v. Creditors, 12 Cal. 281. The argument in that case has been strengthened rather than weakened by the constitutional amendments.

The order is made absolute.

We concur: Sanderson, J.; Currey, C. J.; Rhodes, J.; Sawyer, J.