THE PEOPLE *ex rel.* WILLIAM GROW *v.* A. M. ROSBOROUGH, COUNTY JUDGE OF SHASTA COUNTY.

PROCEEDINGS IN INSOLVENCY.—Since the adoption of the amendments to the Constitution in 1863, proceedings in insolvency have ceased to be " special cases " in the sense in which that phrase was applied to them before that time.

NEW TRIALS IN INSOLVENT CASES.—County Courts may grant new trials in insolvent cases.

STATEMENT IN INSOLVENT CASES.—It is the duty of the County Judge to settle a statement made on motion for a new trial in an insolvent case, and if he refuse, a writ of mandate will issue commanding him to do so.

APPEAL IN INSOLVENT CASE.—An appeal lies from a judgment in an insolvent case to the Supreme Court.

THIS was an original proceeding commenced in the Supreme Court.

The other facts are stated in the opinion of the Court.

*J. G. McCullough,* for Petitioner, contended that petitioner was entitled to have his motion for a new trial heard, and cited Laws of 1863, p. 756 ; *Kohlman* v. *Wright,* 6 Cal. 230 ; *Fisk* v. *His Creditors,* 12 Cal. 281 ; and *San Francisco and San José Railroad Company* v. *Mahoney, ante* 112.

*A. M. Rosborough,* in *pro per.,* for Defendant.

By the Court, SHAFTER, J.

Petition for a mandamus to be directed to the defendant, commanding him to settle a statement, on motion for a new trial in *Grow* v. *His Creditors.*

It appears that Wetzel, one of the creditors, filed his written opposition to the petitioner's discharge, on the ground of fraud. The issue was tried by a jury, who found fraud as alleged. Grow moved for a new trial, for errors of law and on the ground that the verdict was not justified by the evidence. The Judge refused to settle a statement on new trial duly filed and submitted.

### *Proceedings in insolvency not " special cases."*

Proceedings in insolvency are no longer to be regarded as " special cases," in the sense in which that phrase was applied to them prior to 1863, for by the amendments of the Constitution the jurisdiction became organic. To that extent the jurisdiction of the County Courts in insolvency rests upon the same foundation as the general jurisdiction of the District Courts, and that of the Supreme Court, both original and appellate.

We held, in *Dorsey* v. *Barry,* 24 Cal. 449, relied upon in argument, that the jurisdiction in contested election cases was special — a statute creation ; that the proceedings were intended to be summary, and that the subject matter made it

essential that they should be so in order to make them of any avail, and that the special procedure was, withal, so complete in itself that it was manifestly the intention of the Legislature that the litigation should be kept to the method which the Act prescribed, and end where it ended; and, therefore, that that class of cases was not within the scope of the one hundred and ninety-third section of the Practice Act relating to new trials. But this reasoning has no application to proceedings in insolvency. The jurisdiction of the County Courts in insolvency is now, as has been remarked already, of constitutional significance. The proceedings under the statute, setting the jurisdiction in motion, are not intended to be summary or hurried, but are, at least so far as the trial of opposition is concerned, to be conducted according to the course of the common law in the main. Instead of its being necessary in the nature of the contest that judgment should be reached within a given interval, it is obvious that there is nothing to distinguish the controversy from litigation concerning property, or other personal interests at large.

Further, if County Courts cannot grant new trials in insolvency, it follows that they cannot do so in actions of forcible entry and detainer. The jurisdiction in both cases rests upon the same basis, and legislation in aid of the jurisdiction is in both equally complete and exhaustive. But that a new trial may be granted by a County Court in a forcible entry case is not open to controversy.

### *New trials in insolvent cases.*

Power to grant new trials is conferred upon all the Courts referred to in the Practice Act; and wherever an appeal lies to this Court from an order granting or refusing to grant a new trial, it becomes the duty of the Judge to settle a correct statement properly presented. Under the Judiciary Act of 1863 we are authorized to review such orders when made in cases within the limits of our jurisdiction in error. It is true, as the respondent claims, that cases in insolvency are not " cases

in equity," (*Cohen* v. *Barrett*, 5 Cal. 195,) nor do we consider that the jurisdiction in error can be supported as upon the " amount of the demand " nor as upon the " value of property in controversy."    A petition in insolvency looks to a discharge as the principal purpose, and " oppositions " are interposed solely with a view to defeat it.

Were the question a new one, we might doubt our jurisdiction, but it has been settled by long and unbroken usage.  The question is broadly within the reasoning in *Conant* v. *Conant*, 10 Cal. 249, and furthermore, it was directly decided in *Fisk* v. *His Creditors*, 12 Cal. 281.    The argument in that case has been strengthened rather than weakened by the constitutional amendments.

The order is made absolute.