[L. A. No. 102.   In Bank.—August 20, 1896.]

N. R. PACKARD, APPELLANT, *v.* F. W. CRAIG, RESPONDENT.

114   95
146  325
d146 326

ELECTION CONTEST—NEW TRIAL NOT ALLOWED.—Under sections 1111-27 of the Code of Civil Procedure, a motion for a new trial cannot be had in an election contest.   The remedy of the defeated party is limited to an appeal from the judgment.

ID.—APPEAL FROM JUDGMENT—REVIEW OF EVIDENCE.—Upon an appeal from the judgment in an election contest, the sufficiency of the evidence to justify the decision cannot be reviewed unless the appeal is taken within sixty days after the rendition of the judgment.

ID.—EVIDENCE OF OFFICERS OF ELECTION.—Upon the trial of an election contest, testimony of the officers of the election to the effect that the same was properly conducted, that the ballots were properly counted, and that the tally sheets were properly filled up, etc., and the tally sheets themselves, are admissible in evidence.

APPEAL from a judgment of the Superior Court of Kern County and from an order refusing a new trial. LUCIEN SHAW, Judge.

The facts are stated in the opinion of the court.

*J. W. Ahern, J. W. P. Laird,* and *Reddy, Campbell & Metson,* for Appellant.

*Alvin Fay, J. E. Patten,* and *N. E. Conklin,* for Respondent. .

McFARLAND, J.—This is an election contest brought by Packard, plaintiff, against Craig, defendant, to determine the right between said parties to the office of county clerk of Kern county. Judgment went for the defendant, Craig, and plaintiff appeals from the judgment, and also from the refusal of the court to grant the motion for a new trial which Packard made, or attempted to make. The appeal from the judgment was not taken until more than sixty days after the judgment was rendered.

The main point for a reversal made by the appellant is that the decision is not justified by the evidence. But respondent contends.that the evidence cannot be reviewed here: 1. Because the appeal from the judgment was not taken until sixty days after it was rendered; and 2. Because in this procedure a motion for a new trial cannot be entertained. He objected to any proceedings being taken with respect to the motion for a new trial, and one of the grounds for denying it was that a motion for a new trial had no place in this action. The contention of the respondent that we cannot here review the evidence must be sustained.

This question was thoroughly considered and disposed of by the court in the case of *Dorsey* v. *Barry,* 24 Cal. 449. That case reviewed the act of 1850 upon the subject of contested election proceedings, to be found in Wood's Digest, 380–82. That act was the same as the provisions of the Code of Civil Procedure upon the subject, commencing at section 1111, and extending to section 1127. There are some few verbal differences between the said act of 1850 and the said provisions of the code, but substantially, and almost literally, they are the same. In *Dorsey* v. *Barry, supra,* the court said: " The act itself provides a complete mode of procedure, leaving but little, if anything, dependent upon implication or the common-law powers of the court." The

court, after reviewing the whole question, and saying
that in any event, the proceedings would be void unless
the special term provided for in that act had been
extended, then said: "Even in the event that the court
was still holding the special term, the order granting
the petitioner's motion for a new trial was without
authority and void.   The statute has not made provi-
sion for the re-examination of the issues of law or of
fact in that court, but has expressly provided for the
taking of an appeal."   The court declares that the pro-
ceeding is a summary one, wholly statutory in its
nature, and intended to be expeditious and not encum-
bered by the delays which would be occasioned by such
proceedings as a motion for a new trial.   The fact that
the county court then had jurisdiction of the matter,
while such jurisdiction is now in the superior court,
does not affect the rule there declared.   That decision
was approved in *Casgrave* v. *Howland*, 24 Cal. 457, and
the principle restated as follows: "In *Dorsey* v. *Barry*,
*supra*, we held that the proceedings authorized by arti-
cle VI of the act to regulate elections are special and
summary, and that no remedy can be had under the
provisions of that article, except such as is therein
expressly or by necessary implication provided.   We
also held that a new trial was not authorized by the
provisions of the article in question, and that the rem-
edy of a party who is dissatisfied with the judgment of
the county clerk is by appeal only."   In *People* v. *Ros-
borough*, 29 Cal. 417, the court, in distinguishing a pro-
ceeding in insolvency from a contested election case,
say: "We held in *Dorsey* v. *Barry*, *supra*, relied upon in
argument, that the jurisdiction in contested election
cases was special, a statute creation, that the proceed-
ings were intended to be summary, and that the subject
matter made it essential that they should be so in order
to make them of any avail, and that the special proced-
ure was withal so complete in itself that it was mani-
festly the intention of the legislature that the litigation
should be kept to the method which the act prescribed,

and end where it ended; and, therefore, that that class
of cases was not within the scope of the one hundred
and ninety-third section of the practice act relating to
new trials." We have been referred to and have been
able to discover no subsequent case overruling or incon-
sistent with the cases above cited. Mr. Hayne, in his
work upon New Trials, volume 1, paragraph 5, says that
from his examination, "the decision in *Dorsey* v. *Barry,
supra,* has never been disturbed, and it may, therefore,
be taken to be the settled rule that there can be no
motion for a new trial of an election contest." We
have not been referred to any case since the decision in
*Dorsey* v. *Barry, supra,* where the court has been asked
to entertain a motion for a new trial in such a case;
and it will be observed that in nearly all the other
special and summary statutory provisions express
authority is given to use the proceeding of a motion
for a new trial, while in the case of a contested election
the appealing party is confined to an appeal from the
judgment. The cases cited by appellant are cases which
merely involve the constitutional right of this court to
entertain an appeal from a judgment in a contested
election case. We, therefore, hold that the court below
was right in refusing to entertain the motion for a new
trial in the case at bar. Section 1126 of the Code of
Civil Procedure provides that "either party aggrieved
by the judgment of the court may appeal therefrom to
the supreme court, *as in other cases of appeal thereto from
the superior court";* and, therefore, an appeal from the
superior court to the supreme court in a contested elec-
tion case is subject to the provision that upon such
appeal the point that the decision is not sustained by
the evidence cannot be raised, unless such appeal shall
have been taken within sixty days after the judgment.
Therefore, in the case at bar we cannot inquire whether
or not the judgment is supported by the evidence, and
there is no doubt that the findings support the judg-
ment.

The only question before us, therefore, is whether or

not the court erred in admitting certain evidence offered by the respondent and objected to by the appellant. That evidence was of this character: The respondent called a number of persons as witnesses who were officers of election at several precincts in the county in which the election here involved took place, who testified that the elections at the said precincts were properly conducted, that the ballots were properly counted, and the tally sheets properly filled up, etc. Respondent also introduced in one or two instances the tally sheets themselves. We cannot say that such evidence was not admissible. Whatever weight might or should be given to such evidence, it certainly had some relevancy to the matters at issue, and cannot be said to be incompetent or immaterial. The fact which the appellant endeavors to show is that a count of the ballots themselves received by the court in evidence shows a majority for the appellant; but, under the views above expressed, that fact cannot be inquired into here. There is nothing in the findings themselves which shows that state of facts. Therefore, upon the face of the record as it presents itself to us in this case, we can see no reason for reversing the judgment.

The judgment and order appealed from are affirmed.

VAN FLEET, J., GAROUTTE, J., HENSHAW, J., TEMPLE, J., and HARRISON, J., concurred.