[L. A. Nos. 2117, 2076.  In Bank.—November 8, 1907.]

## THE PEOPLE, by U. S. WEBB, Attorney-General, etc., Respondent, v. BANK OF SAN LUIS OBISPO, et al., Appellants.

APPEAL—FILING TRANSCRIPT—NEW TRIAL PENDING.—Under rule III of the supreme court the time for filing the transcript on an appeal from a judgment while a motion for a new trial is pending in the trial court is extended for forty days after the disposition of the motion.

BANK COMMISSIONERS' ACT—ACTION TO FORCE BANK INTO LIQUIDATION —BANK MAY APPEAL FROM JUDGMENT.—An action brought by the attorney-general in the name of the people, on the complaint of the bank commissioners, against a banking corporation and its directors, under section 10 of the Bank Commissioners' Act (Stats. 1903, p. 368), to force it into involuntary liquidation is a special proceeding of a civil nature, and in the absence of any provision in the act denying a right of appeal by the bank from a judgment rendered against it, such right of appeal exists under section 939 of the Code of Civil Procedure.

ID.—BANK MAY MOVE FOR NEW TRIAL.—In the absence of any provision in that act for a special method of procedure for the commencement and prosecution of such action, it is to be conducted according to the formal provisions of the Code of Civil Procedure applicable generally to the trial of ordinary actions, and the bank against whom judgment is rendered has a right to move for a new trial.

VALID APPEAL FROM JUDGMENT—SUBSEQUENT APPEAL UNAUTHORIZED.— Where a party against whom judgment is rendered has taken and perfected a valid appeal therefrom, he has no right to take a subsequent appeal, and such attempted appeal will be dismissed.

MOTION to dismiss appeals from a judgment of the Superior Court of San Luis Obispo County.  E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

James L. Crittenden, for Appellants.

U. S. Webb, Attorney-General, and George A. Sturtevant, Assistant Attorney-General, for Respondent.

LORIGAN, J.—Plaintiff moves to dismiss two appeals taken by the defendants from the judgment rendered against them in the above entitled action.

The action was brought in the name of the People of the state of California, upon the information of the attorney-general, and on the complaint of the bank commissioners, against the said bank of San Luis Obispo and its directors under the provisions of section 10 of the Bank Commissioners' Act (Stats. 1903, p. 368). The complaint alleged that the defendant bank was on November 2, 1905, a corporation doing a general banking business at San Luis Obispo, San Luis Obispo County, in this state; that on that date its directors were conducting such banking business in an unsafe manner and by unsafe practices which it had been by the board of bank commissioners ordered to discontinue, but which it had not done on January 24, 1906; that the board of bank commissioners had determined on that day that said corporation was insolvent and it is then alleged as a fact that the said corporation was insolvent and unable to pay its obligations from its own means, as such obligations became due and payable in the ordinary course of business; that on that day the bank commissioners had taken control of the bank and all its property and effects and it was asked that the corporation be declared insolvent; that it be ordered into involuntary liquidation and that its directors and others officers be enjoined and restrained from the transaction of any further business except for the purposes of liquidation.

The defendants answered and denied that the bank had conducted business in an unsafe manner, or had pursued any unsafe practices; denied that the bank was insolvent or unable to pay all its obligations from its own means, and avers that said bank at all times mentioned in the complaint had, and then had, ample assets to pay and satisfy any and all of its obligations.

The cause was tried and the court filed its findings of fact and conclusions of law. It found that the defendant bank was conducting business in an unsafe manner; that at all times after January 10, 1906, said bank was insolvent and unable to pay its obligations due and payable in the ordinary course of business from its own means, and that without the consent of the banking corporation the board of bank commissioners had taken possession of all of the property and effects of said bank as alleged in the complaint, and judgment was entered ordering the bank into involuntary liquidation; enjoining and

restraining it from the transaction of any further business; appointing a receiver, and directing the bank commissioners to turn over to the receiver all the property, money, and effects of said corporation which it had taken into its possession.

This judgment was entered on December 12, 1906. On December 15, 1906, the defendants served and filed a notice of appeal to this court from said judgment, and on the same date the defendants served and filed their notice of intention to move for a new trial of the action, and also filed the requisite undertakings to perfect the appeal and to stay proceedings under the judgment. On March 29, 1907, the plaintiff herein filed a motion to dismiss said appeal on two grounds: 1. That more than forty days had elapsed since the appeal was perfected, and no transcript had been filed or served; 2. That this court had no appellate jurisdiction of any action commenced under and pursuant to the provisions of section 10 of the Bank Commissioners' Act to which we have referred.

Thereafter on June 11, 1907, the defendants served and filed another notice of appeal from said judgment which in due time the plaintiff also moved to dismiss on the ground that when said second appeal was taken the appeal of December 15, 1906, had already been taken to this court, was pending here, and had not been dismissed or abandoned.

Addressing ourselves to the first motion to dismiss. On the hearing the objection of respondent that the transcript had not been filed or served within forty days after the appeal from the judgment, was met by a showing on the part of appellants that there was still pending and undisposed of in the trial court, a motion for a new trial in the cause, which under rule III of this court [78 Pac. VII], extended the time for the filing of the transcript for forty days after the disposition of the motion. This showing would be a sufficient answer to that portion of the motion to dismiss based on the failure to file the transcript, but respondent insists that under the special proceedings authorized by the Bank Commissioners' Act, not only is there no right of appeal, but further that there is no right to move for a new trial. There is, therefore, presented for consideration under the first motion to dismiss on the general ground that this court has no appellate jurisdiction of a proceeding commenced under the provisions of said act two points: 1. Whether a right of appeal from the

judgment entered in such proceeding exists, and, 2. Whether a motion for a new trial is authorized.

Proceeding to a consideration of these points, and taking up first the question as to whether a right of appeal from a judgment entered under the provisions of the act exists.

The contention of respondent that no such right exists is based solely upon the proposition that the proceeding authorized by section 10 of the Bank Commissioners' Act is essentially a special proceeding; that such proceeding was intended by the legislature to be summary in character and that as no provision is made in the act itself for an appeal, it was contemplated that the judgment of the superior court should be final. This is the only point made as to the right of appeal and the only one with which we shall concern ourselves. That the proceeding authorized under the act is a special proceeding there can be no question, and it may be also conceded for present purposes that such proceeding is of a summary character. But, although a special summary proceeding, it does not follow therefrom that in the absence of an express declaration of the legislature that any judgment rendered under it shall be final and conclusive, we are authorized in saying that the general provisions of the Code of Civil Procedure applying to appeals shall have no application in this character of cases. Conceding that the legislature might have in terms declared a judgment in such proceedings final, the fact that it did not do so is persuasive to the effect that if any right of appeal was given under the general provisions of the code, it was not intended to be interfered with. The fact that the proceeding was to be summary as contended for by respondent, while it might have afforded ample reason and justification for the legislature (conceding it had the power; a question not involved) to have deprived the parties in the proceeding of any right of appeal which otherwise existed, can afford no reasonable warrant for our construing or inferring this to have been the intent of the act, when the legislature might have, but failed to expressly declare it. The right of appeal is remedial and in doubtful cases the doubt should be resolved in favor of the right whenever the substantial interests of a party are affected by a judgment and that the substantial rights of a defendant are affected by a judgment against it rendered in such a proceeding is not open to ques-

tion.  No satisfactory reason can be suggested, if the right of appeal is generally given by the provisions of the Code of Civil Procedure in this character of cases—special proceedings of a civil nature—why the legislature, if it contemplated depriving the parties of such right in this particular special proceeding, did not say so.  On the other hand, if such right of appeal existed under the provisions of the code and was available generally in special proceedings, the fact that the legislature did not in terms deprive the parties of such right in this particular special proceeding or use some apt language in the act—such as making any judgment final, or final and conclusive—expressing such intention, clearly indicates that such right was not intended to be disturbed.  And that in special proceedings, generally, the right of appeal is conferred from judgments entered therein under certain provisions of the Code of Civil Procedure, is expressly declared in *Morton* v. *Broderick*, 118 Cal. 474, 483, [50 Pac. 644].  That case involved the right of appeal from a judgment in a special proceeding brought under an act of the legislature (Stats. 1881, p. 54) providing for the removal of legislative bodies of municipalities for failure to fix water rates within a given time, as required by article IV of the constitution.  The act declared that a legislative body failing to fix such rates was guilty of malfeasance in office, and provided for proceedings to be taken for their removal therefrom.  No provision was made in the act for an appeal from any judgment rendered under it; it was silent in that respect.  A proceeding was brought against the board of supervisors of San Francisco under the act, entitled *Fitch* v. *Board of Supervisors,* and such proceedings had that a judgment of removal from office was entered against the board and the individual members composing it and immediately a notice of appeal was given by the defendants therein and an appeal therefrom was perfected.  The case of *Morton* v. *Broderick*, 118 Cal. 474, 483, [50 Pac. 644],—a *mandamus proceeding,*—directly involved the question of the right of the defendants in the Fitch case to appeal and the effect of such appeal.  We are only concerned here with the determination there upon the question of the right of appeal.  One of the same objections against that right was interposed there as here,—namely, that the proceeding under the act was a special civil proceeding of a

summary character and that no provision was made in it for an appeal and no right of appeal was otherwise provided. It was held, however, in that case that the right of appeal in such cases was conferred by sections 52 and 939 of the Code of Civil Procedure, the first section referred to (in subdivision 4 thereof) providing that the court shall have appellate jurisdiction "in all special proceedings," and section 939 providing that "an appeal may be taken from a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within six months after the entry of judgment." We think the view expressed by the court in the case of *Morton* v. *Broderick* as to the right of appeal in special proceedings conclusive against the contention of respondent here. In the absence of any provision in the Bank Commissioners' Act denying the right of appeal from the judgment in the special proceeding therein provided for, the provisions of the Code of Civil Procedure above referred to, conferring generally such right of appeal in special proceedings, confers the right in this particular proceeding. No distinction can be drawn between the act in question in the Morton case and the one here as far as that right is concerned. As in the absence of any provision denying the right of appeal under the act of 1881, it was held in that case that the general provisions of the Code of Civil Procedure conferred that right, so it must be held that they equally confer it as to any judgment under the Bank Commissioners' Act. Both are special proceedings and the one no more summary in character than the other, and neither in terms nor by necessary implication deny the right of appeal which the sections of the Code of Civil Procedure otherwise confer.

Counsel for appellants, in support of their right of an appeal, call our attention to *People* v. *Bank of Mendocino*, 133 Cal. 107, [65 Pac. 124], and we mention it that it may not be deemed overlooked. They insist that in that case, which involved an appeal from an order made in a proceeding under the Bank Commissioners' Act, it was directly decided that the right of appeal from a judgment entered in such proceeding existed. While it was so stated in the course of the opinion in that case, the question was not directly presented for determination. The view, however, of the court expressed therein, though not raised on the appeal, was in entire harmony with

the conclusion previously reached in *Morton* v. *Broderick,* on this point, upon the authority of which case we are satisfied of the right of the appellants to prosecute this appeal.

We are mindful that section 52 of the Code of Civil Procedure referred to in *Morton* v. *Broderick* confers appellate jurisdiction upon this court "in all special proceedings," and that under the present constitutional provision defining the jurisdiction of this and the district courts of appeal, appellate jurisdiction is conferred exclusively upon the latter in certain designated special proceedings, with a further provision that they shall have appellate jurisdiction in such other proceedings of like character as may be provided by law, excepting cases in which appellate jurisdiction is conferred upon this court. No point is made on this motion to dismiss as to the appellate jurisdiction of either this or the district courts of appeal to entertain this appeal. That particular point is not made or involved. The sole point is that the Bank Commissioners' Act provides for no appeal; that the proceeding is of a summary nature, and that in contemplation of the legislature an appeal was not intended and that the general provisions of the Code of Civil Procedure as to appeals in special proceedings, to which we have referred, do not apply, and we have confined ourselves to a consideration of that point alone,—namely, whether a statutory right of appeal exists. We hold that it does. Whether authority to hear such appeal is conferred on this court or upon the district courts of appeal, is another question, which cannot affect the right of the appellants to take an appeal and to have their appeal heard in whichever appellate tribunal has jurisdiction. If it should appear that the district courts of appeal have exclusive jurisdiction under the constitution of the appeal in this proceeding, no right of the appellants can be affected because they have taken their appeal to this court. It would be our duty under the constitutional provision, which declares that no appeal shall be dismissed because taken to the wrong court, to transfer the cause for hearing on its merits to the district court of appeal. We deem it our duty, however, now that the question is presented here as to the right of appeal, to determine in the first instance whether such right of appeal to either tribunal exists as a statutory right, and, as we have said, we are satisfied that it does.

Nor do we think there is any force in the contention that
appellants are not entitled to move for a new trial. It ap-
pears to us so clear that it has, that a less extended considera-
tion of this matter need be had than is devoted to its right to
an appeal. While counsel for respondent designates the pro-
ceeding under the Bank Commissioners' Act as a summary
one, there is nothing in the provisions of that act which
indicates that the proceedings authorized to be taken under
it are to be of a summary character. It is true that the act
provides for the immediate commencement of an action by
the attorney-general, after notice from the bank commissioners
of the condition of the bank, and provides that after a decree
ordering the corporation into involuntary liquidation, the
bank commisisoners shall proceed to make such liquidation as
economical and expeditious as the interests of the creditors,
depositors, and stockholders will admit. This, however, has
relation to the duty of the attorney-general and the bank
commissioners. There is nothing in the terms of the act
itself with reference to the proceedings to be had under it
indicating that any summary or hurried action is to be had.
With relation to such proceedings, it simply provides that
when the bank commissioners have unanimously concluded
that unsafe practices are being pursued by officers of the bank,
or that the bank is insolvent, they shall immediately take con-
trol of the banking corporation and notify the attorney-
general, who shall immediately commence suit against the
corporation to enjoin it from the transaction of further
business. If upon the trial it is found by the court that
the corporation is solvent and may safely continue business,
the court shall dismiss the action and order the property
restored to the corporation, but if it finds that it is unsafe
for such corporation to transact business, or that it is insol-
vent, it shall order such corporation into involuntary liquida-
tion, issue an injunction restraining further transaction of
business by it, appoint a receiver, and order the property of
the bank to be delivered to him for purposes of liquidation.
This is all the provision made in the act with reference to the
suit it authorizes to be brought under it. It provides for no
special method of procedure, and in its absence, of course,
the suit is to be commenced and prosecuted under the same
formal provisions of the Code of Civil Procedure as apply

generally to the trial of ordinary actions. The parties are
to be brought in under the usual process, the ordinary forms
of pleadings are to be adopted, issues of law may be raised
and issues of fact presented, findings made, and judgment and
decree entered. As the general rules of pleading and pro-
cedure concededly apply to any action brought under the act,
at least up to the entry of judgment, it is difficult to understand
why a limitation should be placed upon the right of a defend-
ant to invoke the further provisions of the law generally ap-
plicable where issues of fact are involved, and be denied
the right usually conferred thereby to move for a new trial.
We perceive no reason for the distinction. There is nothing
in the act itself denying the right to move for a new trial.
The rule is that whenever, under the pleadings in a suit, an
issue of fact is presented to a court, which is to be determined
by the preponderance of evidence submitted on the issue, a
party is entitled, after a decision or finding of the court on
such issue, to have the court re-examine it upon a motion for
a new trial, and this rule applies whether the action be one
at law or equity, or in special cases or special proceedings.
This is the general rule as to all trials where an issue of fact
is involved and determined (secs. 588, 656, 657, Code Civ.
Proc.), and there is nothing in the act taking away the right
to move for a new trial, and nothing in the provision of the
code limiting its exercise to actions or proceedings other than
special proceedings of the character here involved.

Under section 10 of the Bank Commissioners' Act, the issue
involved, where an issue is made at all, is one of fact; this
was the issue made by the pleadings in this case and found
adversely to the defendants, and under the general rule we are
satisfied that the defendants had a right to move for a new
trial.

There is nothing in the case of the *Estate of Franklin*, 133
Cal. 584, [65 Pac. 108], or in *Packard* v. *Craig*, 114 Cal. 95,
[45 Pac. 1033], cited and relied on by respondent, opposed to
this conclusion. In the Franklin case it was held that a
motion for a new trial was not applicable to a probate order
settling the annual account of an executrix upon a contest
as to its items; that such a contest in a probate proceeding
did not assume the character of a civil action so as to make
the provisions of the Code of Civil Procedure, relative to new

trials, applicable to it. The marked and essential difference between the contest involved in the Franklin case and the proceeding here, is that in this proceeding it not only assumed the character of a civil action, but was in fact conducted under the rules governing pleading and procedure in civil actions, and was the only way it could have properly been conducted, and hence the provisions of the Code of Civil Procedure governing new trials are applicable to it for the very reason that they were held inapplicable in the Franklin case.

*Packard* v. *Craig,* 114 Cal. 95, [45 Pac. 1033], cited by respondent, was an election contest, and it was held that under the provisions of the Code of Civil Procedure providing for such contests, a motion for a new trial had no place in such action. The provisions of the code are practically no different from those embraced in the act of 1850 on the same subject referred to in *Dorsey* v. *Barry,* 24 Cal. 449, and other cases referred to and cited in the Packard case. All these cited cases, and the Packard case, hold that the act of 1850 and the present code provisions which follow it provide for a complete mode of procedure in election contests, and that this "special procedure was withal so complete in itself that it was manifestly the intention of the legislature that the litigation should be kept to the method which the act prescribed and end where it ended," and therefore that this class of cases was not within the scope of the provisions relating to new trials; that in such complete procedure no provision is made for the re-examination of issues of law or fact, but provision is made only for an appeal.

Of course, where a complete scheme of procedure is provided by the statute from the commencement of the action to the entry of judgment and expressly provides for an appeal and makes no provision for a new trial, the latter remedy is not available. This would appear plain, and proceeds upon the well-recognized principle that where a particular method of review is provided, it is exclusive of all other methods. And in election contests, that a new trial is not contemplated is not only apparent from the scheme of procedure which provides only for an appeal, but it is further apparent from section 1127, Code of Civil Procedure, applying to such contests, that no such right could be availed of.

This section 1127 provides, that when a judgment annulling or setting aside an election is entered, and no appeal is taken within ten days thereafter, the commission of office issued is void and the office vacant. This section is incompatible with the existence of an effectual right to move for a new trial.

However, as we say, the Packard and kindred cases based the denial of the right to move for a new trial on the fact that a complete mode of procedure is provided by the code in election contests, and on that alone. But the reasoning of those cases can have no application to the proceeding at bar, as the latter does not provide for any mode of procedure at all. It provides, as we have pointed out, only for the commencement of a suit, leaving the general rules of procedure, including the right to move for a new trial which applies in other cases, to apply to it.

The matter requires no further discussion. We are satisfied that the right to move for a new trial and the right to appeal exist as to suits brought under the provisions of the Bank Commissioners' Act and that the motion to dismiss the first appeal should be denied.

As to the motion to dismiss the second appeal it is granted. The appellants having taken a valid appeal in the first instance, no right to take a second exists.

Shaw, J., McFarland, J., Henshaw, J., Beatty, C. J., Angellotti, J., and Sloss, J., concurred.