[L. A. No. 14808.  In Bank.—October 22, 1934.]

In the Matter of the BANK OF SAN PEDRO (a Corporation) in Conservation of Assets.  EDWARD RAINEY, Superintendent of Banks, et al., Respondents, v. JOHN SULENTOR et al., Appellants.

H. A. I. Wolch for Appellants.

Sullivan, Roche, Johnson & Barry and Henry H. Childress for Respondents.

Clifton A. Hix, as *Amicus Curiae* on Behalf of Appellants.

SHENK, J.—Acting under the authority of section 135c, added to the Bank Act in 1933 (Stats. 1933, p. 318), the Superintendent of Banks appointed Henry E. Sherer as Conservator of the Bank of San Pedro. Subsequently the conservator sold certain assets of the Bank of San Pedro to Bank of America National Trust & Savings Association for the sum of $1,047,330.60. Thereafter the Superintendent of Banks and the conservator filed in the superior court their return and petition for confirmation of the sale. Objections to the confirmation were filed by the appellants, a copartnership doing business as Standard Fisheries Company, and Louise A. Steele, for and on behalf of themselves and all other depositors and creditors of the San Pedro Bank. The Van Camp Sea Food Company, Inc., a large depositor, filed a document called "intervention", praying that the sale be confirmed. The matter came on regularly before the court and after a full hearing the court found and concluded that the sale had been fairly made and legally conducted; that the price was not disproportionate to the value of the property sold; that a better price or better terms for all of said assets could not be obtained; and that it would be and is for the benefit, advantage and best interest of the Bank of San Pedro, its depositors and creditors, that said property be sold as one parcel for the price and upon the terms stated in the offer of Bank of America National Trust & Savings Association; that the objections interposed against the sale were not well founded, and that the sale be confirmed. A decree ratifying, approving and confirming the sale was accordingly entered.

On this appeal, prosecuted by the members of the firm called Standard Fisheries Company, it is contended (1) that the Superintendent of Banks has no authority under the statute to sell at private sale any of the assets of a bank taken over by him under the Bank Act; (2) that the superior court is without jurisdiction to affirm such a sale; and (3) that the sale made and approved herein was and is unfair and unjust to the depositors and other creditors.

██ The first two contentions would seem to be answered by sections 136, 136b and 135c of the Bank Act. Section 136 authorizes the Superintendent of Banks to take possession of the property and business of a state bank under the conditions specified in the act. No claim is made that the conditions did not exist in the case of the Bank of San Pedro. Said section also provides that in the process of liquidation "the Superintendent of Banks may sell any real or personal property of such bank on such terms as the court shall direct or approve". Section 136b provides that "in any action or proceeding brought under any provision of this act, exclusive original jurisdiction shall be vested in the superior court of the county in which is located the principal place of business of the bank affected thereby", with further provisions as to what shall be included in the record of the action or proceeding, and that the same shall be tried and determined in accordance with the provisions of the Code of Civil Procedure. Section 135c provides that "The conservator under the direction of the Superintendent of Banks shall take possession of the books, records and assets of every description of such bank. . . . Such conservator shall have all the rights, powers and privileges now possessed by or hereafter given the Superintendent of Banks, with relation to banks of which he has taken charge under the provisions of section 136 of this act. . . . "

██ The foregoing provisions of the Bank Act constitute ample authority for the action taken by the Superintendent of Banks, the conservator and the trial court in the present matter, unless it must be said that a private sale of any of the assets of the bank could not be made or approved. The nature of the business of winding up the affairs of a bank under the act or of conserving its assets and business with the view of possible reorganization and continuance in business is such that to prevent a private sale of any of the assets of the bank might greatly impede, delay and embarrass the statutory officers in the process of liquidation or conservation, to the detriment of all concerned. The requirement of a confirmation of the sale by the superior court was doubtless deemed a sufficient safeguard against unfair, arbitrary or improvident action on the part of the Superintendent of Banks and the conservator, and we

cannot say that it is not legally adequate for that purpose. When, as here, sufficient notice was given to afford all who might object to the sale an opportunity to be heard in court and such hearing was had, the requirements of the law are met, provided the evidence is sufficient to support the findings of the court.

On the hearing it appeared that efforts had been made by the conservator, who had been president of the Bank of San Pedro and a member of the board of directors for many years, to obtain a loan from the Reconstruction Finance Corporation to enable the bank to reorganize and continue in business, but without success; that the sale of the particular assets involved herein would enable the conservator, under the supervision of the Superintendent of Banks, to distribute at once about seventy per cent to the commercial depositors and about thirty-three per cent to the depositors in the savings department; that by the retention of the balance of the assets the prospect was good to obtain a loan thereon or other disposition thereof which would be advantageous; that the price to be paid for the particular assets involved in this proceeding in one parcel was not disproportionate to the value thereof; that a better price for the whole thereof or on better terms could not be obtained and that the sale would be for the benefit, advantage and best interest of said bank, its depositors and creditors.

The evidence introduced by the objectors on the claim of unfairness of price is insubstantial. It consists generally of conclusions of witnesses and the testimony of a representative of a bond and brokerage concern that his principals would pay $25,000 more for certain of the assets set forth in the schedule than the noted sale price therefor. The items referred to describe securities whose value was stable or had appreciated since the offer to purchase was made. On the other hand there were items whose value had depreciated since the offer and other items whose value was either uncertain or speculative. This evidence merely created a conflict which the trial court resolved in favor of the petitioners, the respondents herein.

It was insisted at the hearing by some of the objectors that certain terms of the sale are inequitable and that the better course would have been to proceed with a liquidation, in accordance with the terms of the Bank Act as they

existed prior to the amendments and additions of 1933, and not through the appointment of a conservator, and the sale involved herein. These objections presented points in the controversy which the court was called upon to decide, having in mind the powers and duties of the Superintendent of Banks and the conservator under the statute and the rights of the parties affected. No good reason has been advanced which would compel a contrary conclusion on this appeal. The findings are supported by the evidence.

The respondents moved for a dismissal of the appeal on the ground that the decree in confirmation is not made in the exercise of a judicial function, but is merely a ministerial act, and that in any event the decree of the trial court is final and no appeal therefrom will lie. The motion is not well grounded. The court proceeding is no merely formal approval of the action of the officials under the Bank Act. The court's function is to safeguard the rights of the parties whose interests are involved in the proceeding before it. It is given exclusive original jurisdiction of the proceeding as a court. The right of appeal is not denied by the act. The proceeding is a special proceeding of a civil nature and the right of appeal from a final decree therein is afforded by section 963 of the Code of Civil Procedure. (See *People* v. *Bank of San Luis Obispo*, 152 Cal. 261 [92 Pac. 481].)

The motion to dismiss the appeal is denied. The decree is affirmed.

Waste, C. J., Seawell, J., Curtis, J., and Preston, J., concurred.

Rehearing denied.