BISHOP, J.
 

 Standing between us and the judgment appealed from is the shadow of a final order granting a
 
 *766
 
 new trial. We say the order is final because recently in a cross-appeal in this same action we dismissed an appeal from the order on the ground that an appeal therefrom would not lie. If the order is valid, the appeal from the judgment should be dismissed because the problems it presents are moot.
 
 (Kower
 
 v.
 
 Gluck,
 
 (1867) 33 Cal. 401, 407, as interpreted in
 
 Pierce
 
 v.
 
 Birkholm,
 
 (1896) 110 Cal. 669, 673 [43 Pac. 205], and in
 
 Jackson
 
 v.
 
 Dolan,
 
 (1927) 202 Cal. 468, 471 [261 Pac. 706].) Our first task, therefore, should be to determine the validity of the order granting a new trial.
 

 We are of the opinion that the order is nugatory because it was made without statutory authority. The proceeding in which the order appears was a hearing to determine title to property claimed by a third party after a levy under attachment. Since the amendments adopted in 1935 became effective, section 689 of our Code of Civil Procedure prescribes rather in detail the steps to be followed in such a proceeding. Omitting some provisions having to do with other matters, that portion of the section dealing with the hearing reads as follows : “the plaintiff or the person in whose favor the writ runs, the third party claimant, or any one or more joint third party claimants, shall be entitled to a hearing in the court in which the action is pending or from which the writ issued for the purpose of determining title to the property in question. Such hearing must be granted by the said court upon petition therefor, which must be filed within ten days after the delivery of the third party claim to the officer. Such hearing must be had within twenty days from the filing of such petition, unless continued as herein provided. Ten days’ notice of such hearing must be given to the officers, to the plaintiff or the person in whose favor the writ runs, and to the third party claimant, or their attorneys, which notice must specify that the hearing is for the purpose of determining title to the property in question; provided, that no such notice need be given to the party filing the petition. The court may continue the hearing beyond the said twenty-day period, but good cause must be shown for any such continuance. ... At the hearing had for the purpose of determining title, the third party claimant shall have the burden of proof. The third party claim delivered to the officer shall be filed by him with the court and shall constitute the plead
 
 *767
 
 ing of such third party claimant, subject to the power of the court to permit an amendment in the interests of justice, and it shall be deemed controverted by the plaintiff or other person in whose favor the writ runs. Nothing herein contained shall be construed to deprive any party of the right to a jury trial in any ease where, by the Constitution, such right is given, but a jury trial shall be waived in any such case in like manner as in the trial of an action. No findings shall be required 'in any proceedings under this section. At the conclusion of the hearing the court shall give judgment determining the title to the property in question, which shall be conclusive as to the right of the plaintiff, or other person in whose favor the writ runs, to have said property taken, or held, by the officer and to subject said property to payment or other satisfaction of his judgment. In such judgment the court may make all proper orders for the disposition of such property or the proceeds thereof. . . . An appeal lies from any judgment determining title under this section, such appeal to be taken in the manner provided for appeals from the court in which such proceeding is had.”
 

 It is apparent that the legislature has thus made rather complete and specific provision for the procedure to be followed on a hearing to determine title in case of a third party claim. After judgment, an appeal is expressly authorized. No mention is made of the power to grant a new trial. It is our conclusion that the general power to grant new trials contained in section 657 of the Code of Civil Procedure does not control these special third party claim proceedings. Consequently, there being no inherent power to grant new trials, see
 
 Lancel
 
 v.
 
 Postlethwaite,
 
 (1916) 172 Cal. 326, 329 [156 Pac. 486], the trial court had no authority whatever to make such an order.
 

 Our conclusion is supported by a line of decisions, short but unwavering, having to do with new trials in actions wherein elections are contested. Sections 1115 et seq. of our Code of Civil Procedure now provide the procedure for these election contests; formerly it was regulated by an act found in Stats. 1850, page 782 et seq. As will be noted from a reference to the code sections and statute, express provision is and was made for the pleadings characteristic of these special actions; for the time within which the hearing must be
 
 *768
 
 had; for a limitation on the continuances which may be granted; for the notice of the hearing and the manner of its service; for the nature of the judgment; and for an appeal. The parallel between the matters especially prescribed for the two proceedings is quite marked. In neither do we find authority for granting new trials.
 

 Because the proceedings were summary in their nature, the several steps to be taken detailed, appeals authorized, but new trials not provided for, our Supreme Court has held that the making of orders granting new trials is not within the power of the court in election contest cases. The first case where this conclusion was reached was
 
 Dorsey
 
 v.
 
 Barry,
 
 (1864) 24 Cal. 449. It was followed immediately by
 
 Casgrave
 
 v.
 
 Howland,
 
 (1864) 24 Cal. 457. In
 
 People
 
 v.
 
 Rosborough,
 
 (1866) 29 Cal. 415, 416, 417, we find this interpretation :
 

 “We held, in
 
 Dorsey
 
 v.
 
 Barry,
 
 24 Cal. 449, relied upon in argument, that the jurisdiction in contested election cases was special—a statute creation; that the proceedings were intended to be a summary, and that the subject matter made it essential that they should be so in order to make them of any avail, and that the special procedure was, withal, so complete in itself that it was manifestly the intention of the Legislature that the litigation should be kept to the method which the Act prescribed, and end where it ended; and, therefore, that that class of cases was not within the scope of the one hundred and ninety-third section of the Practice Act relating to new trials.”
 

 Packard
 
 v.
 
 Craig,
 
 (1896) 114 Cal. 95 [45 Pac. 1033], reviewed these earlier decisions and reached the same conclusion. The reasoning of these cases is applicable to the case at bar, and the result is ineluctable; a new trial is without statutory foundation in a proceeding under section 689 of the Code of Civil Procedure. We find nothing in
 
 Nelson
 
 v.
 
 Superior Court,
 
 (1936) 14 Cal. App. (2d) 44 [57 Pac. (2d) 1351], to cause us to doubt the correctness of our conclusion, as that ease deals with section 689 of the Code of Civil Procedure as it read before the 1935 amendments.
 

 Although the order purporting to grant a new trial in this case stands in the record undisturbed, because it was entirely unauthorized, it may, for- all our purposes, be disre
 
 *769
 
 garded.
 
 (Peters
 
 v.
 
 Anderson,
 
 (1931) 113 Cal. App. 158 [298 Pac. 76].) Turning to the judgment, then, which declared the title to the property in question was in the third party claimant, we find it amply supported by the evidence; at most there is a conflict in the evidence which the trial court resolved in favor of the third party claimant.
 

 The judgment is, therefore, affirmed, respondent to recover his costs of appeal.
 

 Shaw, P. J., and Schauer, J., concurred. .